UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:19-cv-00475

**William Runnels,**
*Petitioner,*

v.

**Maxey Cerliano, Sheriff, Gregg County**
*Respondent.*

# ORDER

Petitioner William Runnels, a former inmate at Gregg County Jail proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge the legality of his six-month sentence for contempt of court. On October 18, 2019, this case was referred to United States Magistrate Judge John D. Love. Doc. 3. Judge Love entered a report recommending that the petition be dismissed without prejudice for lack of subject matter jurisdiction, as the petition was filed after the petitioner was released from jail and was no longer in custody. Doc. 40.

On June 23, 2020, petitioner filed objections to the magistrate judge's report. Doc. 41. Petitioner argued that jail staff and the requirement of exhaustion of state remedies prevented him from timely filing his petition. Upon de novo review of the report and the petitioner's objections, the court is of the opinion that the magistrate judge's findings of fact and recommendation should be accepted.

28 U.S.C. § 2254 permits federal courts to hear petitions for writs of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Stated differently, a habeas petitioner must be "in custody" when the petition is filed for the federal court to have subject matter jurisdiction over the case. *Carafas v. LaVallee*, 391 U.S. 234, 238

(1968). Here, petitioner initially attempted to mail his petition while incarcerated on October 7, 2019. Doc. 40 at 5. However, he failed to attach sufficient postage to his petition, so it was returned. *Id*. at 8. Shortly thereafter, on October 14, 2019, petitioner was released from Gregg County Jail. *Id*. at 5. He subsequently filed a corrected petition three days later. *Id*. at 4. As the report and recommendation correctly notes, because petitioner was no longer incarcerated at the time his federal habeas petition was filed, this court lacks subject matter jurisdiction. *Id*. at 9.

Petitioner claims that, under the federal mailbox rule, his petition was valid when he entrusted it to officials at the Gregg County Jail. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) ("[A] habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing."). But the magistrate judge correctly noted that the mailbox rule does not apply to a prisoner whose pleading is filed late because he failed to affix proper postage. *Dison v. Whitley*, 20 F.3d 185, 186-87 (5th Cir. 1994).

Petitioner also argues that factors outside of his control—namely, the Gregg County Jail staff and the requirement to exhaust state remedies—interfered with his ability to file his petition on time. However, petitioner's objections here largely reiterate claims raised in his pleadings and addressed by the magistrate judge. His objections fail to "pinpoint those portions of the magistrate's report that the district court must specially consider" and therefore lack merit. *See Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1989). Nor is there clear error in the unobjected-to portions of the report.

Accordingly, the court adopts the report and recommendation of the magistrate judge**.** The above-styled application for the writ of habeas corpus is dismissed without prejudice for want of subject matter jurisdiction. A certificate of appealability is denied sua sponte. Any motions which may be pending in this civil action are hereby denied.

*So ordered by the court on August 26, 2020.*

J. CAMPBELL BARKER
United States District Judge